IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) | |
| ) | |
| Plaintiff, ) | CV. NO. 5:14-CV-27-DAE |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL JOSEPH KEARNS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER: (1) DISMISSING CASE; (2) REMANDING TO STATE COURT

Before the Court is a "Declaratory Judgment and Appropriate Writ of Mandamus" filed by Michael Joseph Kearns ("Kearns"), which this Court construes as a Notice of Removal pursuant to 28 U.S.C. § 1443. For the reasons that follow, the Court **DENIES** Kearns's Notice and **REMANDS** the case to state court.

BACKGROUND

Public records available from the Williamson County Court at Law # 1 show that Kearns is charged in Case No. 13-03809-1 with making or using a record of a fraudulent court (i.e., creating and using fraudulent documents and

1

attributing those documents to a court that does not exist) in violation of Texas Penal Code § 37.13.

On January 13, 2014, Kearns filed a "Declaratory Judgment and Appropriate Writ of Mandamus." (Dkt. # 2.) Kearns requested that the district court "issue a writ of prohibition to the State of Texas, Count of Williamson, to the officers, agents, and employees thereof, in regards to Williamson County Court at Law # 1, Case NO. 13-03809-1, to cease and desist all activities of any nature whatsoever" until further order from the district court. (Id. at 2.)

## DISCUSSION

As a preliminary matter, the Court observes that pleadings of a pro se litigant are held to a less stringent standard than those drafted by an attorney, and therefore must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). As such, the Court construes Kearns' "Declaratory Judgment and Appropriate Writ of Mandamus" as a Notice of Removal.

When a defendant removes a criminal prosecution from state court, it is incumbent upon the United States District Court "in which such notice is filed [to] examine the notice promptly." 28 U.S.C. § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id.

The federal removal statute governing the removal of criminal prosecutions from state court provides two avenues for removal:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

A notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. See Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citing Georgia v. Rachel, 384 U.S. 780 (1966); City of Greenwood v. Peacock, 384 U.S. 808 (1966)). First, it must appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of racial equality." Johnson, 421 U.S. at 219 (emphasis added) (internal quotation marks and citations omitted). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not

3

suffice.  Id.  Similarly, assertions that a removing defendant will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is a sham, corrupt, or without evidentiary basis will not satisfy the requirements of § 1443(1).  Id. (citation omitted).

Second, it must appear, in accordance with the provisions of § 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State."  Johnson, 421 U.S. at 219.  This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case."  Id. (citation and internal quotation omitted).  Under § 1443(1),

> the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

City of Greenwood, 384 U.S. at 828.  Failure to satisfy either prong of § 1443(1)'s two-pronged test is fatal to removal.  Williams v. State of Miss., 608 F.2d 1021, 1022 (5th Cir. 1979).

For a notice of removal under § 1443(2), the removal must be "[f]or any act under color of authority derived from any law providing for equal rights, or

for refusing to do any act on the ground that it would be inconsistent with such law." The first clause under § 1443(2), dealing with "any act under color of authority," confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Taylor v. Phillips, 442 F. App'x 441, 443 (11th Cir. 2011) (citing City of Greenwood, 384 U.S. at 824). The second clause under § 1443(2), dealing with "refusing to do any act on the ground that it would be inconsistent with such law," allows the right to remove only to state officers. City of Greenwood, 384 U.S. at 824 (citations omitted).

Kearns's removal petition is without merit under either § 1443(1) or § 1443(2). Kearns fails both prongs of § 1443(1)'s two-part test pursuant to Johnson. First, Kearns does not identify how Texas law denies him a federal right insuring racial equality. Kearns only asserts that the state government has committed "intrinsic fraud" on him.[1] Second, Kearns does not explain how Texas courts are inadequate to enforce or vindicate his federal rights to racial equality.

---

[1] Kearns does not provide any factual basis for the alleged fraud. Instead, Kearns filed a 254-page Supplement to Notice of Removal containing docket sheets and filings in Kearns's state court proceedings. (Dkt. # 3.) Kearns does not point to—and the Court has searched in vain for—evidence suggesting that the Texas state court has denied Kearns a federal right.

5

Kearns also fails to show that he is a state or federal officer, or working for one, in order to be entitled to removal under § 1443(2).

Moreover, the federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case.  See Younger v. Harris, 401 U.S. 37, 41 (1971).

The Court also notes that Kearns has a history of filing frivolous cases in federal court.  See, e.g., Chase Home Fin. v. Kearns, No. A-12-CV-5 (W.D. Tex. Jan. 17, 2012) (sanctioning Kearns $1,000 and enjoining him from filing or removing cases to federal court without paying the sanction or receiving permission from a federal judge or the Fifth Circuit); Kearns v. Fed. Home Loan Mortg. Corp., No. A-11-CV-642 (W.D. Tex. Nov. 23, 2011) (sanctioning Kearns $5,000 for filing a frivolous complaint for damages); Kearns v. Caraway, No. SA-08-CV-393-FB (W.D. Tex. May 15, 2008) (sanctioning Kearns $5,000 for filing a frivolous notice of removal).  Just as Chief Judge Biery, Judge Sparks, and Judge Yeakel have continuously warned, the continued filing of such notices of removal in direct contradiction of Supreme Court case law and the law of this Court would clearly be grounds for further—and more severe—sanctions in the future.

CONCLUSION

Therefore, Kearns's Notice of Removal Williamson County Court at Law # 1 Case No. 13-03809-1 is **DENIED**.  This case is **DISMISSED WITHOUT PREJUDICE.**  All other pending motions are **DENIED** as moot.

The Court also **ORDERS** that Williamson County Court at Law # 1 Case No. 13-03809-1 is **REMANDED** to the Williamson County Court at Law # 1.  The Clerk of Court shall send a copy of this Order to the Williamson County Court at Law # 1, 405 Martin Luther King St., Georgetown, Texas 78626.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, January 23, 2014.

_____
David Alan Ezra
Senior United States Distict Judge